IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **RANDY TAMAYO BLANCO,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **CAUSE NO. EP-26-CV-659-KC** |
| | § | |
| **MICHAEL WATKINS et al.,** | § | |
| | § | |
| Respondents. | § | |

### SHOW CAUSE ORDER

On this day, the Court considered Randy Tamayo Blanco's Motion to Proceed in Forma Pauperis ("Motion"), ECF No. 1, and Petition for a Writ of Habeas Corpus, ECF No. 1-1.

### I.    MOTION TO PROCEED IN FORMA PAUPERIS

Tamayo Blanco requests that the Court allow him to proceed in Forma Pauperis ("IFP") and waive the filing fee for his Petition. *See* Mot. 1.

To determine whether a litigant qualifies for IFP status, "the central question is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex Dep't of Crim. Just.*, No. 96-cv-10614, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).  Absolute destitution is not required.  *Id.*  In making this determination, courts consider factors such as the movant's present assets, reasonably anticipated income, and necessary living expenses.  *Roden v. Texas* No. 94-cv-10808, 1995 WL 371022, at *2 (5th Cir. June 2, 1995).

Tamayo Blanco states he is "not employed" because he is "incarcerated at the moment." Mot. ¶ 2.  However, he states that he has an annual income of $25,104.00 and owns an automobile that has been paid off.  *Id.* ¶¶ 2, 5.  Tamayo Blanco also indicates that he has some

funds in cash or a bank account, although these funds are "less than $100.00." *Id.* ¶ 4. Tamayo Blanco's expenses, however, exceed his annual income by approximately $4,836.00. *Id.* ¶ 6. Thus, any funds of Tamayo Blanco's have been, or will be, depleted. Accordingly, payment of the filing fee will result in "undue hardship" and "deprivation of the necessities of life" for Tamayo Blanco and his family. *See Ayers*, 1995 WL 696702, at *1. Tamayo Blanco has thus made the requisite showing that he is unable to afford the costs of the proceeding and qualifies for IFP status. *See id.*

## II.   PETITION FOR A WRIT OF HABEAS CORPUS

Tamayo Blanco is held in immigration detention at ERO El Paso Camp East Montana in El Paso, Texas. Pet. ¶ 2. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 13, 15.

Tamayo Blanco entered the country on December 22, 2022, was taken into immigration custody, and then granted release pursuant to an I-220A Form. *Id.* ¶ 13. On November 1, 2025, Tamayo Blanco was arrested and re-detained. *Id.* ¶ 11. As alleged, his case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025). Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected. Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Tamayo Blanco's case warrant a different outcome.

## III.   CONCLUSION

Accordingly, the Court **ORDERS** that Tamayo Blanco's Motion, ECF No. 1, is **GRANTED**.

      **IT IS FURTHER ORDERED** that Respondents shall **SHOW CAUSE** by <u>**no later than March 18, 2026**</u>, why the application for a writ of habeas corpus should not be granted.  *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025).  The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

      **IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel.  *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

      **SO ORDERED**.

      **SIGNED** this 11th day of March, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3